Thomas J. Massey, Jr. No. 91297

1769 Via Napoli
Fallbrook, CA 92028
760-451-0643

Attorney for Plaintiffs:
Darryl and Sheila Gillespie

FILED

07 NOV 19 PM 2:40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL T. GILLESPIE and SHEILA GILLESPIE           Plaintiffs     v.     UNITED STATES OF AMERICA           Defendant | 07 CV 2201 BEN (NLS) |

COME NOW PLAINTIFFS WHO ALLEGE THE FOLLOWING:

### JURISDICTION

1. This section arises under the Federal Tort Claims Act, 28 United States Code Section 2671 et. Seq. This Court is vested with jurisdiction pursuant to 28 USC Section 1346 (B). The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

2. On or about May 17, 2007, Plaintiff Darryl T. Gillespie filed a claim for damages and injury on Form 95 to the United States of America and its agency, the Department of Veterans Affairs, for the sum total of $1,000,000.00.

3. Plaintiff has filed all documents necessary to file a claim with the Department of Veterans Affairs.

4. More than six months have passed without response to the administrative claim of Darryl T. Gillespie from the United States of America through the Department of Veterans Affairs. Accordingly, pursuant to 28 USC Section 2675, Plaintiff is authorized to file the instant complaint for medical malpractice, which has been

duly commenced after six months of the filing of said claims.

5. On or about May 17, 2007, Plaintiff Sheila Gillespie filed a claim for damages and injury on Form 95 to the United States of America and its agency, the Department of Veterans Affairs, for the sum total of $700,000.00.

6. Plaintiff has filed all documents necessary to file a claim with the Department of Veterans Affairs.

7. More than six months have passed without response to the administrative claim of Sheila Gillespie from the United States of America through the Department of Veterans Affairs. Accordingly, pursuant to 28 USC Section 2675, Plaintiff is authorized to file the instant complaint for medical malpractice, which has been duly commenced after six months of the filing of said claims.

## PARTIES

8. Plaintiff Darryl T. Gillespie was a member of the United States Air Force and by that status entitled to be provided reasonable and necessary medical care by the United States of America through the Department of Veterans Affairs.

9. Plaintiffs reside in San Diego County, California. The acts and omissions complained of herein occurred within the Southern District of California.

## FIRST CAUSE OF ACTION (Negligence, Medical Malpractice)

10. All of the preceding paragraphs are incorporated herein.

11. Defendant United States of America operates a health care facility known as Veterans Administration Medical Center, San Diego, California. Defendant, in operating this hospital, holds itself out to military personnel and their dependents to use that degree of care, skill, and attention used by hospitals generally in the community in the care and treatment of patients. The hospital operated by defendant has in its employ, among others, doctors, nurses, interns, residents, student nurses, nurses' aids and other personnel over with the defendant exercises exclusive control and supervision , with the right to employ and discharge such employees.

12. At all relevant times, there existed between the physicians employed by Defendant and Darryl T. Gillespie the relationship of physician/patient.

13. Because of Darryl T. Gillespie's military service, he was entitled to and in fact did utilize defendant's hospital to diagnose and treat a medical condition then suffered by plaintiff. Pursuant to this employment Defendant and its staff members rendered professional services in the diagnosis, treatment and care of Darryl T. Gillespie for his condition.

14. On or about June 2, 2006 through on or about June 8, 2007, Darryl T. Gillespie presented to the physicians and other medical staff members of the Veterans Administration Hospital to receive examination, diagnosis, care and treatment. Pursuant to this employment, Defendant rendered professional services in caring for and treating Darryl T. Gillespie.

15. From and after the time of this employment, Defendant and its staff members so negligently failed to exercise the proper degree of knowledge and skill in examining, diagnosing, treating and caring for plaintiff, that plaintiff was caused to suffer the injuries and damages hereinafter alleged.

16. As a proximate result of the negligence of Defendant, plaintiff suffered severe bodily and mental injuries, all of which injuries have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering. As a result of such injuries, plaintiff has sustained general damages in an as yet unascertained amount. Plaintiff will seek leave to amend this complaint to state the true amount when ascertained.

17. As a further proximate result of the negligence of Defendant, Darryl T. Gillespie has incurred and will continue to incur medical, hospital and related expenses all to his special damage in an as yet unascertained amount. Plaintiff will seek leave to amend this complaint to state the true amount when ascertained.

## COUNT II

18. All of the preceding paragraphs are incorporated herein.

19. Beginning on or about June 2, 2006, Defendant, through its physicians and staff at Veterans Administration Hospital, treated plaintiff, but negligently failed to treat him, including but not limited to the following malpractice: On June 2, 2006, Darryl T. Gillespie underwent an operation on his prostate, but was not provided adequate care in that a foreign object was left inside the operating area. Plaintiff has been informed that this was a surgical staple or clip. Furthermore, defendants' employees negligently failed to realize that they had left this object in the operating area and left it in his body for over one year. The foreign object was not removed by defendants' employees until on or about June 8, 2007, even though it was discovered in diagnostic imaging earlier. The delay in both the discovery of the foreign object and the removal of the foreign object caused Plaintiff additional pain and suffering.

20. As a proximate result of the negligence of Defendant, plaintiff suffered severe bodily and mental injuries, all of which injuries have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering. As a result of such injuries, plaintiff has sustained general damages in an as yet unascertained amount. Plaintiff will seek leave to amend this complaint to state the true amount when ascertained.

## COUNT III
### CLAIM FOR LOSS OF CONSORTIUM BY SHEILA GILLESPIE

21. All of the preceding paragraphs are incorporated herein.

22. At all relevant times, Sheila Gillespie was and is the wife of Darryl T. Gillespie.

23. As a proximate result of the Defendant's negligence, Plaintiff Sheila Gillespie has been deprived of the love, society, companionship, relations and normally

rendered household assistance performed by Darryl T. Gillespie prior to the malpractice complained of herein. This loss of consortium is subject to proof at trial.

WHEREFORE, plaintiff prays judgment as follows:

1. General damages according to proof.
2. Medical, hospital and related expenses according to proof.
3. Loss of earning and earning capacity according to proof.
4. Loss of enjoyment of life according to proof.
5. Cost of suit herein incurred.
6. For such other relief as the Court may deem proper.

Dated: Nov. 19, 2007

Thomas J. Massey
Counsel for Plaintiffs

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DARRYL T. GILLESPIE AND SHEILA GILLESPIE

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number) 760 451 0643
Thomas J. Massey
1769 Via Napoli, Fallbrook, CA 92028

## DEFENDANTS
UNITED STATES OF AMERICA

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED 07 NOV 19 PM 4:51 CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

Attorneys (If Known): '07 CV 2201 BEN (NLS)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ■ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ■ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Reqs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 2671

Brief description of cause: medical malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ■ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): None
JUDGE _____ DOCKET NUMBER _____

DATE: Nov. 19, 07
SIGNATURE OF ATTORNEY OF RECORD: Thomas J Massey

FOR OFFICE USE ONLY
RECEIPT # 144653   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
11/19/07

CR

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 144653      - SH

November 19, 2007
14:42:10

Civ Fil Non-Pris
07-02201
Judge..: ROGER T BENITEZ
Amount.:                $350.00 CK
Check#.: PC2388

Total-> $350.00

FROM: DARRYL T. GILLESPIE ET AL V US
      CIVIL FILING